William Carl WOOLEY, Appellant

v.

Randy SCHAFFER, Appellee.

No. 14–13–00385–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 14, 2014.

Rehearing Overruled Oct. 9, 2014.

William Carl Wooley, pro se.

Randy Schaffer, pro se.

Panel consists of Chief Justice FROST and Justices JAMISON and WISE.

## MAJORITY OPINION

MARTHA HILL JAMISON, Justice.

In four issues, pro se inmate William Carl Wooley complains that the trial court dismissed his civil lawsuit against his former attorney Randy Schaffer, whom Wooley retained to seek habeas relief on his behalf. Concluding that Wooley's causes of action have no basis in law or fact because Wooley has not been exonerated from his criminal convictions, we affirm.

### Background [1]

Wooley was convicted of aggravated sexual assault and related offenses. His con-

1. Although we analyze only Wooley's live peti- tion below, additional background facts are

victions were affirmed on appeal, and he subsequently filed pro se habeas corpus applications in district court in Tarrant County, Texas. He alleged, as relevant here, ineffective assistance of trial counsel in failing to file a motion to suppress video evidence that had been stolen by Wooley's son and given to the police. Thereafter, Wooley's brother signed an agreement with Schaffer,[2] who agreed to conduct an investigation "to determine whether there is any basis to file an application for a writ of habeas corpus to challenge ... Wooley's convictions" in exchange for a fee of $10,000.

After conducting the investigation, Schaffer advised Wooley by letter that he could file applications for a writ of habeas corpus to assert ineffective assistance of trial counsel on two bases: (1) that trial counsel should have moved to suppress the videos if Wooley's son had not intended to give them to the police at the time he stole them, as they would therefore be inadmissible; and (2) that trial counsel should not have presented testimony from Wooley's psychologist because it was "extremely prejudicial" to Wooley. Schaffer informed Wooley that he would charge a fee of $25,000 plus expenses to argue both issues or a fee of $15,000 plus expenses to argue only the second issue.[3] Wooley responded by letter that trying to prove his son did not intend to turn over the videos to authorities would be "a waste of time and

money,"[4] and Wooley authorized Schaffer only to raise the second issue.

Wooley's brother, as guarantor, signed a "Professional Services Contract" with the Law Office of Randy Schaffer, P.C., in which he agreed to pay $15,000, plus the $10,000 investigation fee already paid. The firm agreed to file habeas applications on Wooley's behalf. It is undisputed that Schaffer filed applications raising the issue regarding trial counsel's effectiveness in presenting the psychologist's testimony, a brief, and proposed findings of fact and conclusions of law as a supplement to Wooley's pro se applications already pending raising the issue regarding suppression of the videos.[5]

Schaffer argued the case before a special master, who filed findings of fact and conclusions of law. in the district court recommending denial of the habeas applications. The district court approved the special master's findings of fact and conclusions of law, and the Court of Criminal Appeals denied relief. Two months later, Wooley allegedly informed Schaffer for the first time that Wooley wanted Schaffer to raise the issue regarding suppression of the videos. Subsequently, Wooley allegedly demanded a return of $20,000 of Schaffer's fee. When Schaffer refused to return the sum, Wooley initiated the underlying lawsuit.

Wooley included various allegations in his original petition related to Schaffer's purported (1) failure to investigate the ille-

presented for clarity and context.

2. The letterhead "The Schaffer Firm" was on the letter agreement, and Schaffer's name was on the signature line. The version of the letter agreement.in our record was not signed by Schaffer.

3. These fees would be in addition to the $10,000 investigation fee previously charged.

4. Wooley argues on appeal that Schaffer advised him that it would be a waste of time and

money to raise this issue. However, in his letter to Schaffer, Wooley stated, "I can almost promise you, unless we got really lucky, that proving my son['s] intentions were *not* to turn the 'evidence' over to the authorities ... would represent a waste of time and money." (Emphasis in original).

5. These documents are not part of the appellate record.

gal search issue or include it in the habeas applications that Schaffer filed, (2) failure to provide accounts of how Wooley's funds were expended, (3) overcharging Wooley and refusing to refund fees paid by him, (4) using fees paid by Wooley for purposes other than seeking habeas relief for Wooley, and (5) knowingly presenting unmeritorious claims. Wooley alleged Schaffer's acts constituted "deceptive practices and unethical conduct," "negligence or incompetence" and obstructed Wooley's "First and Fourteenth Amendment rights and statutory rights." Schaffer simultaneously filed special exceptions to Wooley's petition and a motion to dismiss the lawsuit under Texas Rule of Civil Procedure 91a. Wooley filed objections to the special exceptions and the motion to dismiss thirty days later but did not amend his petition. The trial court did not rule on the special exceptions but granted the motion to dismiss five days later.

## Discussion

Wooley complains in four issues that the trial court erred in granting Schaffer's motion to dismiss under Rule 91a because (1) Wooley brought causes of action against Schaffer for legal malpractice, breach of contract, and violations of the Texas Deceptive Trade Practices Act[6] (DTPA) and Wooley's constitutional rights; (2) Wooley filed suit within the applicable two-year statute of limitations; and (3) files and

6. *See* Tex. Bus. & Com.Code §§ 17.41–17.63.

7. Wooley does not explain how the purportedly missing files and records would have any bearing on the trial court's ruling on the Rule 91a motion to dismiss. Wooley complains that he was not allowed to participate in the hearing on the motion. However, our record does not show that the trial court conducted an oral hearing, and it was not required to do so. *See* Tex.R. Civ. P. 91a.6 ("The court may, but is not required to, conduct an oral hearing on the motion.").

records for this case are missing from the Harris County District Clerk's office.[7]

Rule 91a allows a party to move to dismiss a cause of action on the ground that it has no basis in law or in fact. *See* Tex.R. Civ. P. 91 a.1. As specified in the rule: "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* A motion to dismiss must identify each cause of action to which it is addressed and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both. Tex.R. Civ. P. 91 a.2. The trial court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any exhibits permitted by Rule 59.[8] Tex.R. Civ. P. 91a.6.

**I. We review the trial court's ruling on a Rule 91a motion to dismiss de novo, construing the pleadings liberally in favor of the plaintiff, looking to the pleader's intent, and accepting as true the factual allegations in the pleadings.**

We must decide as a matter of first impression in this court what standard of review to apply to a trial court's ruling on a motion to dismiss under Rule 91a.[9] We generally review a trial court's

8. Rule 59, in relevant part, allows "written instruments, constituting, in whole or in part, the claim sued on [to] be made part of the pleadings ... for all purposes." Tex.R. Civ. P. 59.

9. Two sister courts have applied a de novo standard of review. *See City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.-Austin 2014, no pet.) (applying de novo standard to review Rule 91a motion challenging subject matter jurisdiction); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 753–

ruling on a motion to dismiss in other contexts for abuse of discretion; however, we review the trial court's ruling on a question of law de novo. *See, e.g., Nexion Health at Beechnut, Inc. v. Paul,* 335 S.W.3d 716, 718 (Tex.App.-Houston [14th Dist.] 2011, no pet.) (applying de novo standard to review motion to dismiss in healthcare liability case when issue was whether service had been effected properly); *Singleton v. Casteel,* 267 S.W.3d 547, 550 (Tex.App.-Houston [14th Dist.] 2008, pet. denied) (applying de novo standard to review motion to dismiss to determine whether official immunity applied under Texas Tort Claims Act); *Harris Cnty. Hosp. Dist. v. Textac Partners I,* 257 S.W.3d 303, 315 (Tex.App.-Houston [14th Dist.] 2008, no pet.) (applying summary judgment standard to review motion to dismiss that addressed claims on merits). While we acknowledge that the determination of whether a cause of action has a basis in law is, on its face, a question of law, *see GoDaddy,* 429 S.W.3d at 754, the language of Rule 91a is less clear as to the determination of whether a cause of action has a basis in fact—in which case "no reasonable person could have believed the facts pleaded"—is a question of law. Tex.R. Civ. P. 91a.1.

 Although we acknowledge that Rule 91a motions to dismiss are unique, we find them to be analogous to pleas to the jurisdiction, which require a court to determine whether the pleader has alleged facts demonstrating jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133

S.W.3d 217, 225–26 (Tex.2004). In that context, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction over a claim. *Id.* at 226. Even though we are construing the jurisdictional facts alleged in the petition, whether a pleader has alleged facts that demonstrate jurisdiction is a question of law that we review de novo. *Id.* This determination is consistent with the requirement in Rule 91 a to take the allegations, together with any reasonable inferences "as true." *See* Tex.R. Civ. P. 91a.1.

 Rule 91a also requires the court to determine whether a "reasonable person could believe the facts pleaded" to determine whether a pleading has a basis in fact. Tex.R. Civ. P. 91a.1. This language is similar to a legal sufficiency challenge, in which we ask whether the evidence at trial would enable reasonable people to reach the verdict under review. *See City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). Even though we construe the factual evidence presented at trial, the determination of legal sufficiency is a question of law we review de novo. *See id.* at 822, 827.

Federal courts also apply a de novo standard of review to a trial court's ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[10] *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007). Rule 91a has unique

---

54 (Tex.App.-Beaumont 2014, pet. filed) (applying de novo standard to determine whether movant was entitled to immunity from suit under Communications Decency Act, 47 U.S.C.A. section 230).

10. Before the adoption of Rule 91a, Texas procedure did not have a dismissal mechanism similar to Rule 12(b)(6). *GoDaddy,* 429

S.W.3d at 754. In 2011, the Legislature promulgated section 22.004(g) of the Texas Government Code, which provides that the "supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence." *See* Tex. Gov't Code § 22.004(g); *see also GoDaddy,* 429 S.W.3d at 754.

language allowing dismissal of causes of action with no basis in law or fact. Tex.R. Civ. P. 91a. However, Federal Rule of Civil Procedure 12(b)(6) similarly allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted"; therefore, we find case law interpreting Rule 12(b)(6) instructive. Fed.R.Civ.P. 12(b)(6); *see also GoDaddy*, 429 S.W.3d at 754.

▮ For a complaint to survive a Federal Rule 12(b)(6) motion to dismiss, it must contain "enough facts to state a claim to relief that is plausible on its face." [11] *GoDaddy*, 429 S.W.3d at 754 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility requires facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Essentially, under the federal rules, the complaint is liberally construed in favor of the plaintiff, and all well-pleaded facts are taken as true. *Id.* (citing *Ashcroft*, 556 U.S. at 678–79, 129 S.Ct. 1937 and *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. 1937). Likewise, in determining whether the trial court erred in denying a defendant's motion to dismiss, federal courts take all of the plaintiff's allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). Federal Rule 12(b)(6) dismissal is appropriate if the court determines beyond doubt that the plaintiff can prove no set of facts to support a claim that would entitle

him to relief. *Id.* (citing *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

▮ We conclude that both determinations of whether a cause of action has any basis in law and in fact are legal questions that we review de novo, based on the allegations of the live petition and any attachments thereto. In conducting our review, similar to the analogous situations discussed above, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. In doing so, we apply the fair notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action. *See Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim."); *see also Bart Turner & Assocs. v. Krenke*, No. 3:13–CV–2921–L, 2014 WL 1315896, at *5 (N.D.Tex. Mar. 31, 2014) (applying Texas's fair notice pleading standard to determine whether to grant motion to dismiss under Rule 91a). Applying these standards, we turn to the issues raised on appeal by Wooley.

## II. Wooley's causes of action have no basis in law or fact under the *Peeler* doctrine.

▮ In his first two issues, Wooley argues that he asserted valid causes of action for legal malpractice, breach of contract, and violations of the DTPA and Wooley's constitutional rights. In the motion to dismiss, Schaffer asserted "Woo-

---

11. In ruling on such a motion, the court cannot look beyond the pleadings. *Bart Turner & Assocs. v. Krenke*, 3:13–CV–2921–L, 2014 WL 1315896, at *4 (N.D.Tex. Mar. 31, 2014). The pleadings include the complaint and any documents attached to it. *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000)).

ley's claims are difficult .to understand, [but] he appears to allege that Schaffer was negligent, committed legal malpractice or fraud, and violated [Wooley's] constitutional rights in failing to raise the illegal search issue." [12] Schaffer argues Wooley's causes of action are "frivolous" because Wooley has not been exonerated from his convictions. *See Peeler v. Hughes & Luce,* 909 S.W.2d 494, 497–98 (Tex.1995) (plurality op.). Wooley, whose petition indicates he is a convicted felon who has not been exonerated,[13] argues that his causes of action are viable because they were brought against counsel retained to draft applications for writ of habeas corpus, as distinguished from the trial counsel defendant in the *Peeler* case.

In that case, Peeler pleaded guilty to a federal crime and received a sentence pursuant to a plea agreement. *Id.* at 496. She later was told that the United States attorney had made an offer to her trial counsel of absolute transactional immunity in exchange for her testimony that was not communicated to her. *Id.* She sued her attorney and his law firm seeking damages based on claims for alleged DTPA viola-

tions, legal malpractice, breach of contract, and breach of warranty. *Id.* The trial court granted summary judgment in favor of the defendants on the basis that Peeler had not been exonerated and that her criminal conduct was the sole cause of her alleged damages. *Id.* The court of appeals and subsequently the Texas Supreme Court affirmed. *Id.*

 A four-justice plurality concluded that under Texas public policy, a criminal defendant's own conduct is the sole cause of any damages flowing from her indictment and conviction, unless the conviction has been overturned.[14] *Id.* at 497–98. Consequently, the court held that Peeler's claims for malpractice and violations of the DTPA failed as a matter of law because Peeler had not been exonerated by direct appeal, post-conviction relief, or otherwise.[15] *Id.* The supreme court has not granted review in a case involving this doctrine since the *Peeler* decision. *Futch v. Baker Botts, LLP,* 435 S.W.3d 383, 391–92 (Tex.App.-Houston [14th Dist.] 2014, no. pet. h.). However, in a series of opinions, this court has adopted and applied an ex-

**12.** Schaffer did not indicate whether his motion to dismiss was based on the grounds that Wooley's causes of action had no basis in law, fact, or both. Although a motion to dismiss under Rule 91a must state specifically the reasons the cause of action has no basis in law, fact, or both, we do not construe the rule to require magic words to invoke these grounds if the arguments are clear from the motion. *See* Tex.R. Civ. P. 91a.2. Schaffer argued primarily that the causes of action alleged in the petition could not be brought unless the prisoner had been exonerated. We construe this as an argument that the causes of action have no basis in law or fact. They have no basis in law because they are barred unless Wooley had been exonerated, as discussed below. They have no basis in fact because no reasonable person could believe, based on the allegations in the petition, that Wooley had been exonerated.

**13.** Wooley lists his residence as "the Texas Department of Criminal Justice, Institution [sic] Division at Huntsville, Texas" and concedes that the Court of Criminal appeals denied him habeas relief.

**14.** Generally, to recover on a claim of legal malpractice, a plaintiff must prove that (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred. *Peeler,* 909 S.W.2d at 496. Likewise, a plaintiff seeking to recover under the DTPA must prove causation. *Id.* at 498. When a criminal defendant has not been exonerated, the sole cause of his indictment and conviction is his own conduct. *Id.* at 495, 497–98.

**15.** The claims for breaches of contract and warranty were not before the high court. *Peeler,* 909 S.W.2d at 499.

pansive interpretation of the doctrine articulated in *Peeler*. *Id.*[16]

We have applied the *Peeler* doctrine to claims for breaches of contract and fiduciary duty and a request for fee forfeiture. *See id.* (citing *Johnson v. Odom*, 949 S.W.2d 392, 393–94 (Tex.App.-Houston [14th Dist.] 1997, pet. denied)). We have also applied the doctrine to all claims connected to the conviction. *Id.* (citing *McLendon v. Detoto*, No. 14–06–00658–CV, 2007 WL 1892312, at *1–2 (Tex.App.-Houston [14th Dist.] July 3, 2007, pet. denied) (mem. op.)). Moreover, we have applied the doctrine to a claim against an attorney retained to draft a postconviction petition for writ of habeas corpus that was not filed. *Id.* (citing *Meullion v. Gladden*, No. 14–10–01143–CV, 2011 WL 5926676, at *3–4 (Tex.App.-Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.)). Accordingly, Wooley's argument that the *Peeler* doctrine does not apply to counsel retained to seek habeas relief is without merit. *See Meullion*, 2011 WL 5926676, at *3–4.

**16.** *See Meullion v. Gladden*, No. 14–10–01143–CV, 2011 WL 5926676, at *2–4 (Tex.App.-Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.); *McLendon v. Detoto*, No. 14–06–00658–CV, 2007 WL 1892312, at *1–2 (Tex.App.-Houston [14th Dist.] July 3, 2007, pet. denied) (mem. op.); *Golden v. McNeal*, 78 S.W.3d 488, 491–92 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *Johnson v. Odom*, 949 S.W.2d 392, 393–94 (Tex.App.-Houston [14th Dist.] 1997, pet. denied).

**17.** Wooley asserted in his petition that Schaffer's "acts and omissions" violated his First and Fourteenth Amendment rights. These claims are related to Schaffer's alleged failure to provide adequate representation in seeking habeas relief in connection with Wooley's convictions and thus are barred under our case law interpreting *Peeler*. *See, e.g., Futch*, 435 S.W.3d at 393 (applying *Peeler* doctrine to bar claim of breaches of fiduciary duty even though purported breaches were not directly related to criminal conviction); *Meullion*,

Assuming for purposes of argument that Wooley's petition gives fair notice that he alleged all of the above causes of action—legal malpractice, breach of contract, and violations of the DTPA and Wooley's constitutional rights[17]—we conclude they are barred as a matter of law under this court's expansive interpretation of the *Peeler* doctrine. Accordingly, these causes of action have no basis in law or fact, and the trial court did not err in granting the Rule 91a motion to dismiss.

We overrule Wooley's first and second issues. Because we conclude that Wooley's causes of action have no basis in law or fact under the *Peeler* doctrine, we need not address Wooley's third and fourth issues asserting that his lawsuit was filed within the applicable statutes of limitation and that files and records were missing from the clerk's office.

We affirm the judgment of the trial court.

FROST, C.J., Concurring.

2011 WL 5926676, at *3–4 (holding defendant's claims relating to quality of counsel retained to seek habeas relief flowed from defendant's conviction and thus defendant's illegal conduct was only cause of any injuries sustained by defendant); *McLendon*, 2007 WL 1892312, at *2 (holding all claims relating to attorney's negligence were barred under *Peeler*). Moreover, it is unclear from Wooley's pleading how Schaffer allegedly violated his constitutional rights. Generally, a criminal defendant may not bring a claim against his defense attorney for violations of constitutional rights because the attorney is not acting under color of state law. *See Worthy v. Scoggin*, No. 3:02–CV–2233–N, 2002 WL 31875561, at *2 (N.D.Tex. Dec. 19, 2002), *appeal dismissed*, 65 Fed.Appx. 509 (5th Cir. 2003) ("Plaintiff's claims against his defense attorney fail to state a claim upon which relief can be granted because plaintiff has alleged no facts that show that his attorney acted under color of state law.").

KEM THOMPSON FROST, Chief Justice, concurring.

I concur in the court's judgment, but for the reasons set forth below, I respectfully decline to join the majority opinion.

**Dismissals under Texas Rule of Procedure 91 a should be reviewed under a de novo standard.**

Today, for the first time, this court reviews a trial court's dismissal of causes of action under recently promulgated Texas Rule of Civil Procedure 91a.[1] Thus, as a threshold matter, this court must determine the standard of review for such cases.

Rule 91a, entitled "Dismissal of Baseless Causes of Action," contains the following language relevant to this issue:

**91a.1 Motion and Grounds.** Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

**91a.2 Contents of Motion.** A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.

. . .

**91a.6 Hearing; No Evidence Considered.** Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion. Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.

**91a.7 Award of Costs and Attorney Fees Required.** Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. The court must consider evidence regarding costs and fees in determining the award.[2]

Rule 91a, which took effect on March 1, 2013, provides a unique dismissal procedure not previously available in Texas practice.[3] Trial courts may not dismiss under Rule 91a in either a case brought under the Family Code or in inmate litigation governed by Chapter 14 of the Texas Civil Practice and Remedies Code.[4] In all other cases, a party may move to dismiss on the ground that (1) a cause of action has no basis in law, (2) a cause of action has no basis in fact, or (3) on both of these grounds.[5]

---

1. Unless otherwise specified, all references to rules in this opinion are to the Texas Rules of Civil Procedure.

2. Tex.R. Civ. P. 91a.

3. See id.

4. See Tex.R. Civ. P. 91a.1. The case under review was not brought under the Family Code, nor is it governed by Chapter 14 of the Texas Civil Practice and Remedies Code.

5. See id.

A cause of action has no basis in law if the allegations in the claimant's pleading, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.[6] A cause of action has no basis in fact if no reasonable person could believe the facts pleaded by the claimant.[7] A motion to dismiss under Rule 91a must (1) contain a statement that it is made pursuant to that rule, (2) identify each cause of action to which it is addressed, and (3) state specifically the reasons each such cause of action has no basis in law, no basis in fact, or both.[8]

In determining whether to grant a motion to dismiss under Rule 91a, a trial court may not consider any evidence and must decide the motion based solely on the pleading, together with any pleading exhibits permitted by Texas Rule of Civil Procedure 59.[9] Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, if a trial court grants a Rule 91a dismissal as to a cause of action, the court must award the movant all costs and reasonable and necessary attorney's fees incurred with respect to that cause of action in the trial court.[10] In

awarding these costs and fees, the trial court must consider evidence regarding costs and fees.[11]

In deciding whether to grant a motion to dismiss under Rule 91a, a trial court may not consider evidence and must decide the motion based solely on a review of the content within the four corners of the live pleading, including the attachments thereto.[12] Given the nature of such a dismissal, appellate courts should review de novo a trial court's dismissal of a cause of action under Rule 91a.[13]

***Under a de novo standard of review, the trial court did not err in granting the motion to dismiss under Rule 91a.***

A de novo review of the statements and allegations within the four corners of appellant William Carl Wooley's live pleading against appellee Randy Schaffer shows that Wooley, a convicted felon who has not been exonerated, asserts various causes of action for damages relating to Schaffer's retention as an attorney to draft post-conviction applications for habeas relief on Wooley's behalf. The allegations in Wooley's live pleading as well as all reasonable inferences drawn from these allegations,

**6.** *See id.*

**7.** *See id.*

**8.** *See* Tex.R. Civ. P. 91a.2.

**9.** *See* Tex.R. Civ. P. 91a.6.

**10.** *See* Tex.R. Civ. P. 91a.7. The trial court in the case under review did not award Schaffer any attorney's fees, and Schaffer has not appealed this ruling. Nonetheless, Rule 91a requires that the trial court award a successful movant all costs and reasonable and necessary attorney's fees incurred with respect to the dismissed causes of action in the trial court. *See id.*

**11.** *See id.*

**12.** *See* Tex.R. Civ. P. 91a.6.

**13.** *See GoDaddy.com, LLC v. Toups,* 429 S.W.3d 752, 754 (Tex.App.-Beaumont 2014, pet. filed) (reviewing trial court's ruling on a Rule 91a motion to dismiss under a de novo standard of review). Though the Third Court of Appeals has reviewed a trial court's ruling on a Rule 91a motion to dismiss under a de novo standard of review, the appellate court did so under the standard of review for pleas to the jurisdiction challenging only the pleadings, after determining that the Rule 91a motion constituted a plea to the jurisdiction. *See City of Austin v. Liberty Mut. Ins.,* 431 S.W.3d 817, 822 & n. 1 (Tex.App.-Austin 2014, no pet.). Thus, this precedent does not address the standard of review for rulings on Rule 91a motions that are not pleas to the jurisdiction. *See id.*

taken as true, would not entitle Wooley to the damages he seeks in each of his causes of action under this court's precedent applying an expansive interpretation of the *Peeler* doctrine.[14] A de novo, four-corners review shows that none of Wooley's causes of action has any basis in law.[15] The arguments Wooley asserts on appeal do not show that the trial court erred in granting Schaffer's motion to dismiss under Rule 91a, and this court correctly affirms the trial court's judgment.

***This court should not consider the evidence attached to the motion to dismiss.***

In determining whether to grant a motion to dismiss under Rule 91a, the trial court may not consider evidence and must make its ruling based solely on a review of the allegations and attachments within the four corners of the live pleading.[16] Nonetheless, Schaffer attached eight exhibits to his motion to dismiss and discussed the factual matters allegedly shown by these exhibits in this motion. On appeal, the background section of the majority opinion is based in large part on factual matters addressed in these motion exhibits but not alleged in Wooley's live pleading. The majority states that these matters are "additional background facts ... presented for clarity and context."[17] Though some general background and context are certainly appropriate, much of this material goes into details of Schaffer's representation of Wooley that are not alleged in

Wooley's live pleading and thus are not relevant to the issues addressed in the majority opinion.[18] A successful movant under Rule 91a is entitled to all costs and reasonable and necessary attorney's fees incurred in the trial court with respect to the dismissed causes of action.[19] If movants under Rule 91a attach evidence to their motions as if Rule 91a motions were traditional motions for summary judgment, there is a danger that courts improperly might consider this evidence as a basis for dismissing under Rule 91a, even though the ruling is supposed to be based solely on a four-corners review of the live pleading. Basing a Rule 91a ruling on the movant's evidence essentially would allow the movant to obtain a prompt, de facto summary judgment, possibly without notice to the claimant that evidence was being considered, as well as attorney's fees that are not normally available based only on a party's entitlement to summary judgment. Though attaching evidence to a motion to dismiss under Rule 91a does not make the motion fatally defective, courts should be careful to limit their analysis to the allegations in the live pleading.

***This court need not address whether, in his motion to dismiss, the movant states specifically the reasons that each of the asserted causes of action has no basis in law or has no basis in fact.***

In a motion to dismiss under Rule 91a the movant must identify each cause of

14. *See Futch v. Baker Botts, LLP*, 435 S.W.3d 383, 391–93 (Tex.App.-Houston [14th Dist.] 2014, no pet.); *Meullion v. Gladden*, No. 14–10–01143–CV, 2011 WL 5926676, at *2–4 (Tex.App.-Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.); *McLendon v. Detoto*, No. 14–06–00658–CV, 2007 WL 1892312, at *1–2 (Tex.App.-Houston [14th Dist.] Jul. 3, 2007, pet. denied) (mem. op.); *Golden v. McNeal*, 78 S.W.3d 488, 491–92 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *Johnson v. Odom*, 949 S.W.2d 392, 393–94 (Tex.App.-Houston [14th Dist.] 1997, pet. denied).

15. *See* Tex.R. Civ. P. 91a.1; *Futch*, 435 S.W.3d at 391–93; *Meullion*, 2011 WL 5926676, at *2–4; *McLendon*, 2007 WL 1892312, at *1–2; *Golden*, 78 S.W.3d at 491–92; *Johnson*, 949 S.W.2d at 393–94.

16. *See* Tex.R. Civ. P. 91a.6.

17. *See ante* at p. 2, n. 1.

18. *See ante* at p. 2–4.

19. *See* Tex.R. Civ. P. 91a.7.

action to which the motion is addressed, and the movant must state specifically the reasons each cause of action has no basis in law, no basis in fact, or both.[20] Arguably, a claimant might be able to assert for the first time on appeal that the trial court erred in dismissing under Rule 91a because the movant did not specify (1) the causes of action to which the motion is addressed, or (2) whether dismissal was sought because the cause of action has no basis in law or because the cause of action has no basis in fact, or (3) the reasons each cause of action has no basis in law, no basis in fact, or both.[21] Nonetheless, on appeal, Wooley has not advanced any such argument; therefore, this court need not and should not address whether Schaffer's motion was sufficient in any of these respects. Despite Wooley's failure to raise these issues, the majority concludes that Schaffer's motion was sufficiently specific, even though Schaffer did not state whether he sought dismissal on the ground that the causes of action have no basis in law or on the ground that they have no basis in fact.[22] There is no reason to. address

whether Schaffer's motion has the specificity required by Rule 91a.[23]

***The movant did not seek dismissal of any cause of action based on the cause of action having no basis in fact.***

In his motion to dismiss under Rule 91a, Schaffer sought dismissal of all of Wooley's causes of action under the *Peeler* doctrine. Schaffer did not assert that any of Wooley's causes of action have no basis in fact, and Schaffer did not assert that no reasonable person could believe any fact alleged in Wooley's live pleading. Schaffer did not assert, and the trial court did not rule, that any of Wooley's causes of action have no basis in fact. Thus, the majority is incorrect that Schaffer sought dismissal on the ground that Wooley's causes of action have no basis in fact.[24]

Before the promulgation of Rule 91a, Texas law did not provide a procedure for a party to obtain dismissal of a cause of action because, based solely on a review of the live pleading, no reasonable person could believe the facts pleaded.[25] In this

---

**20.** *See* Tex.R. Civ. P. 91a.2.

**21.** *See id.*

**22.** *See ante* at p. 9, n. 12. Schaffer does state at one point in the motion that Wooley's allegation that Schaffer "overcharged" him fails to state a claim on which relief can be granted. This is the only part of the petition that Schaffer expressly states fails to state a claim on which relief can be granted.

**23.** *See* Tex.R. Civ. P. 91a.2.

**24.** *See ante* at pp. 1, 9, 11.

**25.** Parties may move for sanctions, including attorney's fees, under Texas Rule of Civil Procedure 13 on the grounds that an attorney or party who signed a pleading violated her certificate that she had read the pleading and that, to the best of her knowledge, information, and belief formed after reasonable inquiry, the pleading is not groundless and brought

in bad faith or groundless and brought for the purpose of harassment. Tex.R. Civ. P. 13. "Groundless" in this context means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. *See id.* Parties may move for sanctions, including attorney's fees, under Texas Civil Practice and Remedies Code chapter 10, on the grounds that an attorney or party who signed a pleading violated her certificate that to the best of her knowledge, information, and belief, formed after reasonable inquiry, each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Tex. Civ. Prac. & Rem.Code Ann. § 10.001 (West 2014). As to either basis for sanctions, the inquiry is not limited to the live pleading, and the movant's entitlement to sanctions normally is proved by evidence. *See Gomer v. Davis*, 419 S.W.3d

respect, Rule 91a is novel and unique in Texas procedure. Without addressing the specific threshold for such a determination, it is reasonable to deduce that alleged facts would have to have a high degree of implausibility for a court to properly conclude that no reasonable person could believe these facts based solely on the live pleading. The resolution of this important issue should be left for another day because Schaffer did not seek dismissal on this basis. Instead, the majority concludes that Wooley's causes of action have no basis in fact because no reasonable person could believe that Wooley had been exonerated.[26] But, Wooley did not plead that he had been exonerated. Indeed, his live pleading shows that he had not been exonerated. Because Wooley did not plead that he had been exonerated, even if Schaffer had sought dismissal on the ground that Wooley's causes of action have no basis in fact, there would be no issue as to whether a reasonable person could believe that Wooley had been exonerated.[27]

*This court need not apply the fair-notice standard used to determine the sufficiency of pleadings.*

Texas is a notice pleading jurisdiction; a petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim.[28] The test of fair notice is whether an opposing attorney of reasonable competence, with the pleadings before her, could ascertain the nature and basic issues of the controversy and the testimony that is probably relevant.[29] The majority purports to apply these notice-pleading standards to its review of the trial court's dismissal under Rule 91a.[30] But, the issue under Rule 91a is not whether the claimant sufficiently pleaded a cause of action under Texas's liberal notice-pleading standards; rather, the issue is whether the challenged causes of action have no basis in law or no basis in fact under the standards promulgated in Rule 91a.[31] Thus, this court should apply the legal standard from Rule 91a rather than the legal standard for testing the sufficiency of the pleading in response to special exceptions.[32]

*Rule 91a is sui generis and it is best not to analogize this rule to other procedural vehicles.*

The majority concludes that a motion to dismiss under Rule 91a is similar to a plea to the jurisdiction.[33] But, parties who succeed under a plea to the jurisdiction are not thereby entitled to recover their attorney's fees; successful parties under Rule 91a are entitled to attorney's fees.[34] Pleas to the jurisdiction may be (and often are) based on evidence extrinsic to the live pleading; Rule 91a motions may not be based on such evidence.[35] Grounds for a plea to the jurisdiction may be added for the first time on appeal; grounds for Rule

470, 477–81 (Tex.App.-Houston [1st Dist.] 2013, no pet.).

**26.** *See ante* at p. 9, n. 12.

**27.** *See* Tex.R. Civ. P. 91a.1.

**28.** *Kopplow Dev., Inc. v. City of San Antonio,* 399 S.W.3d 532, 536 (Tex.2013).

**29.** *See Hand v. Dean Witter Reynolds, Inc.,* 889 S.W.2d 483, 489 (Tex.App.-Houston [14th Dist.] 1994, writ denied).

**30.** *See ante* at p. 8.

**31.** *See* Tex.R. Civ. P. 91a.1.

**32.** *See id.*

**33.** *See ante* at p. 6.

**34.** *See* Tex.R. Civ. P. 91a.7.

**35.** *See* Tex.R. Civ. P. 91a.6; *Tex. Dep't of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 227–28 (Tex.2004).

91a motions must be raised in the trial court.[36]

The majority also concludes that a motion to dismiss under Rule 91a based on the alleged causes of action having no basis in fact is similar to a legal-sufficiency challenge to fact findings.[37] Parties who succeed under a legal-sufficiency challenge, however, are not thereby entitled to recover their attorney's fees; successful parties under Rule 91a are entitled to attorney's fees.[38] Fact findings are based on evidence, and the fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony.[39] Rule 91a motions may not be based on evidence, and there is no basis for assessing the credibility of any witness.[40] Rather, to conclude that a cause of action has no basis in fact, a court must determine that no reasonable person could believe the facts alleged in the live pleading based solely on the pleading.[41] This inquiry is not akin to a legal-sufficiency analysis.[42]

The majority also concludes that a motion to dismiss under Rule 91a is similar to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[43] But, unlike successful movants under Rule 91a, successful movants under Federal Rule of Civil Procedure 12(b)(6) are not entitled to recover their attorney's fees.[44] In addition, movants to dismiss under Federal Rule of Civil Procedure 12(b)(6) may not challenge the veracity of factual allegations in the live pleading, but movants under Rule 91a may challenge the factual allegations as having no basis in fact.[45]

Rule 91a is unique, an animal unlike any other in its particulars. Because this new procedural creation differs from other procedures in its terms, benefits, and application, courts should treat it as its own kind without analogizing it to other species, lest practitioners and trial courts fall into error by tailoring their motions and rulings to meet provisions that are different from the terms of Rule 91a.

---

**36.** *See* Tex.R. Civ. P. 91a.2; *Waco Indep. Sch. Dist. v. Gibson,* 22 S.W.3d 849, 851–53 (Tex. 2000).

**37.** *See ante* at p. 6.

**38.** *See* Tex.R. Civ. P. 91a.7.

**39.** *See City of Keller v. Wilson,* 168 S.W.3d 802, 819 (Tex.2005).

**40.** *See* Tex.R. Civ. P. 91a.6.

**41.** *See* Tex.R. Civ. P. 91a.1; Tex.R. Civ. P. 91a.6.

**42.** *See City of Keller,* 168 S.W.3d at 823, 827.

**43.** *See ante* at p. 7.

**44.** *See* Fed.R.Civ.P. 12.

**45.** *Compare* Tex.R. Civ. P. 91a.1, *with Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir.2007).